# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Ave, Suite 610<br>Silver Spring, MD 20910<br><br>*Plaintiff*,<br>v.<br><br>NATIONAL PARK SERVICE<br>1849 C St NW<br>Washington, DC 20240<br><br>*Defendant.* | CIVIL ACTION NO. 24-849<br><br>**COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Department of the Interior's National Park Service ("NPS") to disclose records that PEER requested pursuant to the FOIA.

2. The two requests at issue in this lawsuit involve records related to the NPS Director's approval on October 18, 2023 of eagle capture or killing in Valles Caldera National Preserve in New Mexico. PEER sent one FOIA request to the Valles Caldera National Preserve Superintendent on November 16, 2024 and one to NPS Headquarters on November 17, 2024. The latter request also involves the grant of a 30-day permit to enter and use an area off-limits to the public within the designated critical habitat of the endangered Jemez Mountains salamander.

3. Although Defendant acknowledged receipt of the requests, to date it has failed to make a final determination regarding either request, and has failed to disclose any of the requested records.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices covering the Northeast/Mid-Atlantic, Southeast/Gulf Coast, Rocky Mountain, and Pacific regions of the United States.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant NPS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1). It is a component of the United States Department of the Interior.

11. NPS is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of NPS to provide PEER with the records requested and its failure to make a final determination on PEER's FOIA requests within 20 working days are violations of FOIA.

## STATEMENT OF FACTS

*FOIA request to Valles Caldera Superintendent*

12. On November 16, 2023, Jeff Ruch, PEER's Pacific Field Office Director, submitted a FOIA request on behalf of PEER seeking the following six items related to NPS Director Charles Sams' personally-signed October 18, 2023 Finding of No Significant Impact under the National Environmental Policy Act, which granted permission for the gathering or killing of eagles from Valles Caldera National Preserve in New Mexico:

    1. The application or other written request to the NPS by members of Jemez Pueblo to pursue eagles in the Preserve;

    2. A copy of the permit issued by the NPS to allow Jemez to proceed to capture, collect and/or kill eagles in the Preserve under their Bald and Golden Eagle Protection Act (BGEPA) permit issued by the United States Fish and Wildlife Service;

    3. A copy of the BGEPA permit under which the Jemez conducted eagle gathering;

    4. A copy of the permit issued by the NPS that authorizes members of Jemez Pueblo to dwell on and occupy Federal park lands during their eagle pursuit;

    5. Any report submitted to the NPS by the Jemez eagle collectors on the take of eagles during the permitted period, and

    6. All studies and surveys the NPS possesses about the status of golden and bald eagles within the boundaries of Valles Caldera.

13. On the same day, Mr. Ruch received an acknowledgement of receipt of his request, to which the agency had assigned Case Number DOI-NPS-2024-000227. On November 17, 2023, Mr. Ruch received an email stating that the request had been "assigned for processing," and on December 1, 2023 he received an email granting PEER's request for a fee waiver.

14. PEER has received no other communications regarding this request.

*FOIA request to NPS Headquarters*

15. On November 17, 2023, Mr. Ruch submitted a FOIA request on behalf of PEER seeking the three categories of records. These records related to NPS Director Sams' permission for the killing of eagles from Valles Caldera National Preserve as described in paragraph 12 above, as well as to the Preserve's grant of a 30-day permit to the Jemez Pueblo to camp, gather firewood, and engage in other actions across an area squarely within the designated critical habitat of the endangered Jemez Mountains salamander, even though during that period no public access was allowed on that portion of the Preserve. PEER sought:

   1. Any communications between the NPS, the White House, the Council on Environmental Quality, or the Department of the Interior concerning NPS approval to Jemez members to take eagles, and occupy lands for that purpose, in Valles Caldera National Preserve;

   2. Any communications between the NPS to the United States Fish and Wildlife Service (USFWS) to determine possible effects of the NPS authorized conduct on the Jemez Salamander, a species listed as endangered, or on habitat designated by the USFWS as critical to the survival of the species; and

   3. All studies and surveys the NPS possesses about the status of golden and bald eagles within the boundaries of Valles Caldera during the period January 1, 2017 to present.

16. On the same day, Mr. Ruch received an acknowledgement of receipt of his request, to which the agency had assigned Case Number DOI-NPS-2024-000228. On November 20, 2023 Mr.

Ruch received an email stating that the request had been "assigned for processing," and on December 1, 2023 he received an email granting PEER's request for a fee waiver.

17. PEER has received no other communications regarding this request.

18. **CAUSE OF ACTION**

19. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

20. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

21. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

22. Twenty working days from PEER's requests to the Valles Caldera Superintendent and to NPS Headquarters would have been December 18, 2023 and December 19, 2023, respectively.

23. At no time has NPS claimed that "unusual circumstances" warrant the ten-working-day extension available under 5 U.S.C. § 552(a)(6)(B)(i).

24. As of the date of this filing, PEER has not received a final determination on its FOIA requests and NPS has not made the records "promptly available." NPS's responses to the FOIA requests described above are now three months overdue.

25. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA requests described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

26. Defendant's conduct amounts to a denial of PEER's FOIA requests. NPS is frustrating PEER's efforts to understand why NPS allowed the take of eagles in Valles Caldera and why it provided special permission for one group to use an area designated as critical habitat for an endangered species that was off-limits to the general public.

27. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the NPS to immediately produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

28. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 25, 2024,

/s/ *Laura Dumais*
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
*Attorney for Plaintiff*